UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY BROCK,

    Plaintiff,

v.

MONTREAL CLARY,

    Defendant.
_____/

Case No: 22-10500
Hon. Jonathan J.C. Grey

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE (ECF No. 56) AND DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION IN LIMINE (ECF No. 57)

This matter is before the Court on Plaintiff Bradley Brock's motion in limine (ECF No. 56) to exclude any reference to City of Inkster, Michigan, Municipal Code § 91.15 or plaintiff's nolo contendere plea to a violation of the same and Defendant Montreal Clary's motion in limine (ECF No. 57) to exclude his disciplinary file. The Court held a hearing on the motions on February 14, 2025. For the reasons set forth below, Brock's motion is **DENIED** and Clary's motion is **DENIED IN PART** and **GRANTED IN PART**.

I. **Applicable Standards**

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The rules regarding relevancy, however, are quite liberal[.]" *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998). Under the Federal Rules of Evidence, "[e]vidence is relevant . . . if it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. The court is not "permitted to consider the weight or sufficiency of the evidence in determining relevancy and 'even if [it] believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth.'" *Robinson*, 149 F.3d at 512.

Relevant evidence may be excluded, however, if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403. Evidence is inadmissible "if there is a danger of *unfair* prejudice, not mere prejudice." *Robinson*, 149 F.3d at 514–515 (emphasis in original) (citing Fed. R. Evid. 403). The court has "very broad discretion in making this determination." *United States v. LaVictor*, 848 F.3d 428, 444 (6th Cir.

2

2017) (quoting *United States v. Semrau*, 693 F.3d 510, 523 (6th Cir. 2012)).

## II. Brock's Motion in Limine (ECF No. 56)

Brock has moved to preclude the admission of any reference to City of Inkster, Michigan, Municipal Code § 91.15 and plaintiff's nolo contendere plea to a violation of the same. (ECF No. 56-1.) The ordinance reads as follows:

> No person owning, possessing or harboring any dog shall permit the same to run off his premises unless such dog is on a leash held by the owner or some other competent person. Every dog so allowed off the premises of his owner shall wear a substantial collar of leather, iron, copper, brass or some other durable material to which shall be securely attached the tag herein provided for. Duplicate tags, in case of loss, may be issued by the City Clerk upon payment by the applicant of the sum of $.25. No tag shall be used on the collar of any dog other than the dog for which license has been issued. No person shall remove the collar or tag from any dog without the consent of the owner or party to whom the license is issued.

**A. Nolo Contendere Plea**

In a civil case, evidence of a nolo contendere plea is not admissible "against the defendant who made the plea or participated in the plea discussions." Fed. R. Evid. 410(a)(2). The Sixth Circuit "decline[d] to interpret the rule so as to allow the former defendants to use the plea offensively, in order to obtain damages, after having admitted facts

which would indicate no civil liability on the part of the arresting police." *Walker v. Schaeffer*, 854 F.2d 138, 144 (6th Cir. 1988).

The plaintiffs in *Walker* were charged with, pleaded no contest to, and were found guilty of disorderly conduct. They then sued the officers under 42 U.S.C. § 1983 for false arrest, detention, and imprisonment for the disorderly conduct arrest. Having pleaded to the disorderly conduct charge, the individuals had already agreed to facts which established that probable cause was present for their arrest. The *Walker* court found that the "case does not present the kind of situation contemplated by Rule 410: the use of a nolo contendere plea against the pleader in a subsequent civil or criminal action in which he is the *defendant*." *Id.* As a result, those plaintiffs were unable to exclude their pleas under Rule 410. Courts regularly apply *Walker* to allow the admission of pleas where plaintiffs pleaded guilty to resisting arrest. *See Hicks v. City of Akron, Ohio*, No. 5:23-CV-1, 2024 WL 732330 at *6 (N.D. Ohio Feb. 22, 2024) (collecting cases); *Shelton v. City of Taylor*, 92 F. App'x 178, 183 (6th Cir. 2004).

Clary argues that *Walker* bars the relief that Brock seeks as "Plaintiff wishes to absolve himself of liability by precluding his past

4

conviction of allowing his dog off leash, the same set of circumstances which then lead [sic] to the incident of the instant Complaint." (ECF No. 59, PageID.966.) Brock argues that *Walker* is distinguishable as the plea did not establish facts which indicate no civil liability on the part of the officer. He also argues that he seeks to preclude the plea to protect himself from civil liability, i.e., contribution (or comparative fault). Finally, Brock argues that, to the extent the plea is being offered to show a pattern of negligent behavior on Brock's part, this is inadmissible propensity evidence. The Court agrees that the plea would be inadmissible to show a pattern of negligent behavior. However, it is admissible for the purpose of showing Brock's comparative fault in the instance at hand.

Courts have occasionally found *Walker* to be distinguishable in excessive force cases. *See Norton v. Stille*, No. 1:11-CV-1083, 2014 WL 12279521 (W.D. Mich. Apr. 14, 2014); *Sharif v. Picone*, 740 F.3d 263, 268–271 (3d Cir. 2014); *Shirley v. City of Eastpointe*, No. 11-14297, 2013 WL 4666890 (E.D. Mich. Aug. 30, 2013). In *Norton*, the court characterized the analysis in *Walker* as dicta to the extent it goes beyond the *Heck v. Humphrey* doctrine. 512 U.S. 477 (1994). In *Osborn*

*v. City of Columbus*, No. 2:20-CV-1229, 2023 WL 5541773 (S.D. Ohio Aug. 29, 2023), the court distinguished *Walker* in an excessive force case where the victim had pleaded to obstructing official business. The court stated that, as "Plaintiff is not using the plea offensively to obtain damages and has not admitted facts which would indicate no civil liability on the part of the arresting Defendant Officers," *Walker* was inapplicable, and the plea was inadmissible. *Id.* at *6.

The municipal code at issue does not necessarily require a finding that off-leash dogs are dangerous, and it appears that the only facts the plea established are that Brock's dog, Moose, was off leash and not on Brock's property. In that way, this case is closer to *Osborne* than *Walker* and other similar cases as Brock is not challenging the validity of his plea or his underlying conviction. Instead, he challenges the reasonableness of Clary's action in shooting Moose.

The presence of the plea impacts Clary's liability for the state law tort claims because, as discussed below, under Michigan law, a guilty plea may create the rebuttable presumption that Brock was negligent. Brock is explicitly seeking damages, which a jury could reduce due to the presence of the plea. For that reason, the reasoning of *Walker*

6

squarely applies to this case as the plea directly impacts Clary's potential liability. The Court therefore finds that the plea is admissible and not barred by Rule 410.

### B. Municipal Code § 91.15

Brock further argues that the plea and Municipal Code § 91.15 should be excluded under Fed. R. Evid. 401 and 403 as irrelevant and alternatively, more prejudicial than probative. Brock's remaining claims are as follows. First, Brock's Fourth Amendment claim under 42 U.S.C. § 1983 survived summary judgment. The remaining issue for the Fourth Amendment claim is whether Clary acted reasonably when he seized Moose. The code is relevant to this question, as it bears on the objective reasonableness of Clary's actions.

The remaining state law issues include: (1) conversion; (2) intentional infliction of emotional distress; (3) Clary's immunity under Michigan state law; and (4) gross negligence. The ordinance is potentially relevant to the intentional infliction of emotional distress claim. However, it is clearly relevant to the questions of negligence and comparative fault. For that reason, and given the low bar for relevance, the ordinance and nolo plea are relevant under Rule 401.

7

### a. Negligence per se

Clary claims that the ordinance is relevant as it establishes that Brock was negligent per se. However, this is an inaccurate description of Michigan law. The Court of Appeals of Michigan has recently summarized Michigan law on negligence *per se* as follows:

> Michigan law does not "subscribe to the doctrine of negligence per se." When a plaintiff proves that an actor has violated the terms of a statute, that is not conclusive proof of negligence. Rather, Michigan law provides that when a statute imposes a legal duty, violation of that statute creates "a rebuttable presumption of negligence," or stated another way, the violation "is only prima facie evidence of negligence[.]" It remains a question of fact, for example, whether the violation had a causal connection to the claimed injury.

*Randall v. Michigan High Sch. Athletic Ass'n*, 965 N.W.2d 690, 721 (2020) (internal citations omitted). For that reason, although the ordinance may be relevant to the question of comparative fault, it does not establish negligence per se.

### b. Comparative Fault

Michigan applies comparative fault in tort cases. Under Mich. Comp. Laws § 600.2959,

> In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the court shall reduce the damages by the percentage of comparative fault of the person upon whose injury or death the

8

> damages are based as provided in section 6306 or 6306a, as applicable. If that person's percentage of fault is greater than the aggregate fault of the other person or persons, whether or not parties to the action, the court shall reduce economic damages by the percentage of comparative fault of the person upon whose injury or death the damages are based as provided in section 6306 or 6306a, as applicable, and noneconomic damages shall not be awarded.

In *Pontiac School Dist. v. Miller, Canfield, Paddock & Stone*, 563 N.W.2d 693, 702 (Mich. Ct. App. 1997), the Michigan Court of Appeals articulated the standard for discerning whether an instruction on comparative negligence is appropriate:

> When deciding whether an instruction on comparative negligence is appropriate, the question is whether, in viewing the evidence most favorably to the defendant, there is sufficient evidence for the jury to find negligence on the part of the injured plaintiff. . . . Circumstantial evidence and permissible inferences therefrom may constitute sufficient proof of negligence. . . . The trend is to allow all issues, when supported by facts, to go to the jury.

Here, the probative value of the ordinance is not outweighed by risk of undue prejudice to Brock as the ordinance is relevant to the question of whether Brock was comparatively negligent by having Moose off leash. Furthermore, the Court will note that no jury instruction on comparative fault has been requested. For the above reasons, Brock's motion in limine (ECF No. 56) is **DENIED** and the Court finds that the nolo plea and the ordinance are **ADMISSIBLE**.

### III. Defendant's Motion in Limine (ECF No. 57)

Clary's motion in limine seeks the exclusion of prior bad acts evidence to prove character, specifically his disciplinary file. Under Fed. R. Evid. 404, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." However, it permits the admission of prior "bad acts" for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

The Court applies a three-step analysis in determining if evidence is admissible under Rule 404:

> First the court must determine whether there is sufficient evidence for a reasonable jury to find that the prior act(s) in question took place. *See United States v. Clay*, 667 F.3d 689, 699 (6th Cir.2012) (citation omitted); *United States v. Gessa*, 971 F.2d 1257, 1261 (6th Cir.1992) (en banc).
>
> Second, it must determine whether the prior acts are admissible for a proper purpose—one other than propensity. *See Gessa*, 971 F.2d at 1261; *Clay*, 667 F.3d at 693.
>
> Third, it must determine whether, under the balancing determination in Rule 403, the danger of unfair prejudice substantially outweighs the probative value of the evidence. *See Gessa*, 971 F.2d at 1262; *United States v. Stout*, 509 F.3d 796, 799 (6th Cir.2007); Fed.R.Evid. 403.

*Flagg v. City of Detroit*, 715 F.3d 165, 176 (6th Cir. 2013) (paragraph breaks added). Clary does not address the first *Flagg* prong and for that reason, the Court finds that there is sufficient evidence for a reasonable jury to find that the prior acts took place.

Clary's disciplinary record includes two incidents of misconduct: (1) an incident on May 31, 2021, where Clary sped to a crime scene going over 100 mph and was accused of falsifying records and (2) an incident which occurred on April 4, 2022, where Clary violated department policy for emergency equipment use and misfeasance due to unsafe driving.

Brock argues there are two proper purposes for the admission of the disciplinary record: (1) character for truthfulness under Rule 608 and (2) proof of knowledge of policy and procedures under Rule 404.

**A. Character for Truthfulness**

Rule 608 provides that:

> [E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
> (1) the witness; or

11

> > (2) another witness whose character the witness being cross-examined has testified about.

"[A] questioner may ask about specific instances of conduct to attack a witness's credibility, but only if the questioner has a good faith basis that the instance actually occurred." *United States v. Craig*, 953 F.3d 898, 903 (6th Cir. 2020). However, the documents used should not be shown or published to the jury. *Id.* "In inquiring about the witness's conduct, the questioner must take the answer[s] provided by the witness and cannot use 'extrinsic evidence to prove that the specific bad acts occurred.'" *United States v. Grandison*, 781 F.3d 987, 992 (8th Cir. 2015) (quoting United *States v. Martz*, 964 F.2d 787, 789 (8th Cir. 1992)); *see also United States v. Beauchamp*, 986 F.2d 1, 3–4 (1st Cir. 1993).

The March 31, 2021, incident involves Clary's character for truthfulness as there were concerns about the veracity of his report and a finding that he falsified records. The Court finds that Brock has a good faith basis to believe this instance occurred, based on Brock's disciplinary record. However, this is a collateral matter because it does not go directly to Brock's claims.

For that reason, Clary's motion in limine is **DENIED IN PART** as to the May 31, 2021 incident. Specifically, **IT IS ORDERED** that Clary **MAY BE QUESTIONED** about his disciplinary history to the extent it goes to his character for truthfulness. However, the disciplinary record **SHALL NOT BE ADMITTED** as an exhibit or published to the jury.

### B. Knowledge of Policy & Procedures

Under Rule 404(b)(2), evidence of another wrong or act is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Brock argues that Clary's disciplinary record is probative of his lack of knowledge of department procedures, which is relevant to the question of if he was negligent at the time of the shooting. Specifically, Brock argues that Clary's knowledge of the use of department equipment policy is relevant because at issue in this case is the way Clary parked his service vehicle.

The Court finds that it is a close case, as Clary was on foot at the time of the shooting and there is no allegation that he was speeding or otherwise operating his vehicle improperly while driving. The sole

allegation that is potentially relevant is that the parking of the vehicle was improper.

**C. Rule 403**

The policies and rules mentioned in Clary's disciplinary record include: (1) the pursuit policy (ECF No. 58, PageID.912; 934); (2) pursuits initiated by other agencies (ECF No. 58, PageID.912.); (3) conduct unbecoming (ECF No. 58, PageID.913); (4) falsifying documents, lying, or perjury (ECF No. 58, PageID.823); (5) misuse of department equipment (ECF No. 58, PageID.930; 934; 936); and (6) misfeasance (ECF No. 58, PageID.935.)

Given the tenuous connection between the policies at issue in the disciplinary action, namely, the use of department equipment, and the claims involved in this case, the admission of this evidence would be more prejudicial than probative. Clary may be questioned directly about his knowledge of department policy and the application of that policy to the case at hand. However, Clary's disciplinary record is unnecessary to engage in this questioning and would primarily serve to distract the jury. For that reason, Clary's motion in limine is **GRANTED** as it relates to the April 4, 2022 incident.

## VI. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Brock's motion in limine (ECF No. 56) is **DENIED**;

**IT IS FURTHER ORDERED** that City of Inkster, Michigan, Municipal Code § 91.15 and Brock's nolo contendere plea to a violation of the same are **ADMISSIBLE**;

**IT IS FURTHER ORDERED** that Clary's motion in limine (ECF No. 57) is **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that Clary may be questioned about his disciplinary history, specifically the May 31, 2021 incident, to the extent it goes to his character for truthfulness;

**IT IS FURTHER ORDERED** that Clary's entire disciplinary file is **EXCLUDED** as more prejudicial than probative.

s/Jonathan J.C. Grey  
Hon. Jonathan J.C. Grey  
United States District Judge

Date: February 20, 2025

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 20, 2025.

**s/ S. Osorio**
Sandra Osorio
Case Manager
