UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY BROCK,

    Plaintiff,

Case No: 22-10500
Honorable Jonathan J.C. Grey

v.

MONTREAL CLARY,

    Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS (ECF No. 84)**

This matter is before the Court on plaintiff's motion for attorney fees and costs. (ECF No. 84.) The motion is fully briefed, including supplemental briefing ordered by the Court. (ECF Nos. 86, 93–95, 99.) The Court finds that the parties have adequately briefed the motion and therefore considers it without oral argument. E.D. Mich. LR 7.1(f). For the following reasons, plaintiff's motion for attorney fees and costs (ECF No. 84) is **GRANTED IN PART AND DENIED IN PART**.

**I.      BACKGROUND**

As outlined at trial, this case arose out of an incident that occurred on November 15, 2021, at the intersection of Michigan Avenue and

Springhill in Inkster, Michigan. Inkster police officers, one of whom was Clary, were dispatched to a Marathon gas station located at 28474 Michigan Avenue in response to a 911 call made by Brock. Brock was accompanied by his service dog, Moose, who was off leash. Ultimately, Clary shot Moose four times and Moose was subsequently euthanized.

Brock then filed a complaint against Clary (John Doe at the time of filing), Chief of Police William T. Riley II ("Chief Riley"), and the City of Inkster ("Inkster") on March 8, 2022. (ECF No. 1.) Brock brought the following claims: (1) unlawful seizure in violation of the Fourth Amendment against Brock and Chief Riley; (2) a *Monell* claim against Inkster; (3) common law and/or statutory conversion; (4) intentional infliction of emotional distress; and (5) gross negligence. (*Id.*)

On October 18, 2023, the defendants' motion for summary judgment was granted in part and Brock's *Monell* claim and all claims against Chief Riley and Inkster were dismissed. (ECF No. 31.) Shortly before trial, Brock moved to dismiss his state law claims and the unopposed motion was granted. Subsequently, trial proceeded solely on the Fourth Amendment claim against Clary.

The Court then conducted a three-day jury trial beginning February 26, 2025. At the close of proofs, the Court denied Clary's renewed motion for a directed verdict and Brock's motion for a directed verdict. (ECF Nos. 74–75.) On February 28, 2025, following jury deliberations, the jury announced a verdict in favor of Brock on his Fourth Amendment unreasonable seizure claim. (ECF No. 78.) The jury awarded Brock $250,000.00 in compensatory damages and $200,000.00 in punitive damages, and a judgment to that effect was entered on March 6, 2025. (*Id.*; ECF No. 82.)

## II. ATTORNEY FEES

### A. Legal Standard

Brock seeks an award of attorney fees of $157,282.85 and non-taxable costs of $3,445.48. (ECF No. 99, PageID.1545.) Under 42 U.S.C. § 1988, the Court has discretion to allow reasonable attorney fees and costs to the prevailing party in a case brought under 42 U.S.C. § 1983. *See* 42 U.S.C. §§ 1983, 1988. The Court may also award fees for work performed by paralegals. *Missouri v. Jenkins by Agyei,* 491 U.S. 274, 286–287 (1989). A party is considered prevailing if they "succeed on any significant issue in litigation which achieves some of the benefit the

parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), *superseded in part by statute*, Prison Litigation Reform Act, 42 U.S.C. § 1997e, *as recognized in Edmo v. Corizon, Inc.*, 97 F.4th 1165, 1169 (9th Cir. 2024).

Clary argues that the Court has broad discretion to decline to award attorney fees. (ECF No. 86, PageID.1355–1356.) Contrary to Clary's assertions, the Supreme Court has interpreted the language of the statute to mean that a prevailing plaintiff "should ordinarily recover an attorney fee unless special circumstances would render such an award unjust." *Hensley*, 461 U.S. at 429. "Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Id.* at 440.

The Sixth Circuit determines special circumstances which justify a denial of attorney fees on a case-by-case basis. *Hescott v. City of Saginaw*, 757 F.3d 518, 523 (6th Cir. 2014). However, the non-prevailing party bears the burden "to make a strong showing that special circumstances warrant a denial of fees." *Id.* (citation and internal quotation marks omitted). Additionally, "courts have made clear that special

4

circumstances should not be easily found." *Id.* (quoting *Cleveland v. Ibrahim*, 121 F. App'x 88, 90 (6th Cir. 2005)). Brock contends that Clary's argument against attorney fees is conclusory because Clary has not shown any special circumstances which would justify the denial of the fee request in full. (ECF No. 97, PageID.1534–1537.) On this point, the Court agrees with Brock.

Applying Sixth Circuit precedent dooms Clary's argument that the Court has discretion to deny the fee request in its entirety. (ECF No. 86, PageID.1355–1356.) Clary has neither argued for nor provided evidence of a special circumstance which would warrant a denial of fees. Further, Clary does not contest that Brock is a prevailing party on his Fourth Amendment unreasonable seizure claim. (ECF No. 86, PageID.1356.) For these reasons, the Court finds that Brock is a prevailing party, and no special circumstances exist to justify a denial of fees in their entirety. Therefore, the Court must determine the reasonableness of the fee request.

### 1. Reasonable Hourly Rate

"A reasonable fee is 'one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.'"

*Kritcher v. Prudential Sec., Inc.*, 799 F. App'x 376, 378–379 (6th Cir. 2020) (quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)). "The starting point for the calculation of reasonable attorney's fees is the lodestar approach, in which the number of hours reasonably expended is multiplied by a reasonable hourly rate." *Id.* at 379 (citations omitted). The Court has some discretion regarding the reasonableness of hourly rates and hours expended. After calculating the lodestar, the Court "may then adjust the lodestar figure to reflect case-specific considerations, the most important of which is the degree of success that the attorney obtained." *Id.* (citation omitted).

"A trial court, in calculating the 'reasonable hourly rate' component of the lodestar computation, should initially assess the 'prevailing market rate in the relevant community.'" *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The "prevailing market rate" is "the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 715 (6th Cir. 2016) (internal quotation marks omitted) (quoting *Geier,* 372 F.3d at 791). Therefore, "the

6

appropriate rate is . . . the market rate in the venue sufficient to encourage competent lawyers in the relevant community to undertake legal representation." *Id.* at 716 (citation omitted). Furthermore, courts generally apply the "average billing rate set forth in the survey for attorneys in the above categories (rather than a higher percentile)" as fee shifting statues only guarantee "competent counsel, not the best and/or most expensive counsel." *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 948 (E.D. Mich. 2005).

To determine the reasonableness of counsel's hourly rates, the Court looks to the 2023 Economics of Law Survey Results produced by the State Bar of Michigan. The survey "requested 2022 income and 2022 billing rate information" from attorneys in the state. State Bar of Mich., 2023 Economics of Law Survey Results 3 (2023), https://perma.cc/N3FZ-2SS9. Federal courts in Michigan routinely use the survey as evidence of reasonableness in determining attorney fees. *See e.g., Clements v. Prudential Protective Servs., LLC*, 100 F. Supp. 3d 604, 617 (E.D. Mich. 2015) (citing *Bell v. Prefix, Inc.*, 784 F. Supp. 2d 778, 783 (E.D. Mich. 2011)). Even though the survey results are based on 2022 hourly rates,

the results still guide the Court's analysis considering work on this case was performed between 2021 and 2025.

Brock seeks $357.00, the mean rate for attorneys in Wayne County, as the hourly rate for eight attorneys—Klara Zierk, Tom DeLano, Brennan Giese, Ms. Durham, Ms. Ceccolini, Natalie Bonnici, John Badeen, and Peter Behrmann. (ECF No. 84, PageID.1189, ECF No. 97, PageID.1537.) The mean rate for civil rights litigation is $381.00. In contrast, Clary argues the median hourly rate of $330.00 for attorneys in Wayne County is appropriate. The median hourly rate for civil rights litigation is $350.00.

The Court finds that $350.00 per hour is a reasonable hourly rate for Ms. Zierk, Mr. DeLano, Mr. Giese, Ms. Durham, Ms. Ceccolini, Ms. Bonnici, Mr. Badeen, and Mr. Behrmann as it is significantly lower than the mean rate for civil rights litigation generally. Also, a significant portion of the hours spent on this litigation occurred between 2023 and 2025. Given the impact of inflation and rising rates, the Court finds that a rate closer to the mean 2022 rate is appropriate.

Brock seeks an hourly rate of $440.00 for Mr. Xuereb based on his 38 years of experience and recent Super Lawyer award. (ECF No. 84,

8

PageID.1189.) Brock argues this rate is reasonable as it is between the 75th and 95th percentiles of both attorney rates by experience level and by rates in Wayne County. (*Id.*)

The median and mean rates for attorneys with over 35 years of experience are $300.00 and $339.00, respectively. The 75th percentile is $400.00 and the 95th percentile is $650.00. For civil rights litigation, the 75th percentile is $450.00 and the 95th percentile is $710.00. The Court finds Mr. Xuereb's hourly rate to be unreasonable. Based on the figures cited, the Court finds that an hourly rate of $400.00 is reasonable.

Finally, Brock seeks an hourly rate of $140.00 for work done by paralegals. (ECF No. 84-8, PageID.1295.) Clary does not provide specific argument disputing the paralegal rate. However, Brock also does not provide specific information regarding the experience of the paralegals involved. Given the lack of specific objection, the Court's knowledge of the applicable market, and consideration of the documentation provided, the Court finds $125.00 per hour to be a reasonable hourly rate for the paralegals involved in this case.

### 2. Reasonableness of Hours Expended

Turning to the reasonableness of hours expended, the Court considers "whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Woolridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598 (2001).

Further, "[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008) (quoting *United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing and Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984)).

Here, Brock has submitted documentation evidencing 454.4 hours of attorney and paralegal time spent on this matter over the course of more than three years. (ECF No. 84, PageID.1188.) Specifically, the total

hours billed by plaintiff's attorneys is 387.65 (the original 394.25 hours sought, subtracting the 6.6 hours spent on the misdemeanor case), and the total hours billed by paralegals and legal assistants is 66.75 hours. (*Id.*; ECF No. 99, PageID. 1547–1549.)

Clary argues that Brock's overall fee award should be reduced for duplication of effort or bill padding. (ECF No. 86, PageID.1359.) However, he has not pointed to, nor has the Court identified, specific instances of excessive meetings between counsel or duplication of efforts. It is not the Court's job to conduct an accounting of the hours spent. When assessing whether counsel has exercised billing judgment, district courts need not act as "green-eyeshade accountants" who attempt to "achieve auditing perfection." *Ne. Ohio Coal. for the Homeless,* 831 F.3d at 703 (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). Neither Supreme Court precedent nor Sixth Circuit precedent require courts "to cull through the records and conduct a[] line-item review." *Id.* at 713 n.11. Rather, district courts "must simply . . . do 'rough justice.'" *Id.* at 703. (quoting *Fox*, 563 U.S. at 838).

For a case of this length, which included a three-day jury trial, mediation, and multiple depositions, the Court finds that the number of

11

hours spent is generally reasonable. Before coming to this conclusion, the Court carefully reviewed the log of hours spent and supporting evidence, with a close eye to staffing levels and meetings between counsel. In response to the Court's review, Brock removed 6.6 hours spent on representation relating to the misdemeanor charge from his attorney fee request. (*See* ECF No. 99.) For the foregoing reasons, the Court finds that 387.65 hours of attorney time and 66.75 hours of paralegal time were reasonably spent.

With these above rates and hours expended, the lodestar calculation is as follows: (1) $40,640.00 (101.6 x $400.00) for Mr. Xuereb; (2) 100,117.50 (286.05 x $350.00) for all other plaintiff's attorneys; (3) 8,343.75 (66.75 x $125.00) for paralegals.[1] The grand total lodestar figure is $149,101.25. The Court now addresses Clary's argument that the award should be reduced due to the dismissed claims and defendants.

### 3. Results Obtained

Having calculated the lodestar amount, the Court next considers: (1) whether the claims on which Brock did not prevail were related to the

---

[1] The Court subtracted the 6.6 hours from the hours spent by Mr. Xuereb and credited towards general attorney time, as it was unclear to the Court who performed those hours of work specifically.

12

claims on which he succeeded; and (2) whether Brock "achieved a sufficient degree of success to render the hours reasonably expended a satisfactory basis for awarding" attorney fees. *Imwalle*, 515 F.3d at 552.

Ultimately, the Court should "award only that amount of fees that is reasonable in relation to the success obtained." *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 370 (6th Cir. 2014) (internal quotation marks omitted) (quoting *Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir. 2005)). However, "[w]hen claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorneys fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." *Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1169 (6th Cir. 1996), amended by 97 F.3d 833 (6th Cir. 1996).

Brock did not prevail on four of his five claims and two of the original three defendants. However, the claims were all interrelated and involved a common core of facts: the shooting of Moose and surrounding circumstances. Brock obtained an excellent result on his Fourth Amendment claim. For this reason, the Court does not find that this is the rare case where a modification of the lodestar amount is justified.

13

### III.   COSTS

Brock seeks an award which reimburses him for $3,445.48 in non-taxable costs. (ECF No. 99, PageID.1545.) Brock has provided receipts and documentation supporting his request. (ECF No. 84-6, 84-10.) Clary does not specifically object to the request for costs reimbursement beyond the general argument discussed above. *See* supra. Section II.A.

The Sixth Circuit has advised that "[t]he award of statutory costs is a matter for the district court, in its best judgment as to what was reasonable and necessary[.]" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 827 (6th Cir. 2013) (citation and internal quotation marks omitted). District courts are permitted "to award those incidental and necessary expenses incurred in furnishing effective and competent representation as part of the award of attorney fees." *Id.* (citation and internal quotation marks omitted). "Recoverable out-of-pocket expenses are those incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services, such as reasonable photocopying, paralegal expenses, and travel and telephone costs." *Id.* (cleaned up).

Brock's costs sought include the following categories: (1) filing fees; (2) legal research fees; (3) mediation fee; (4) copy fees; (5) PACER fees;

14

(6) parking fees; (7) courier fee for delivering courtesy copies to the Court; (8) postage; (9) costs related to service of process, subpoenas, and FOIA requests. (ECF No. 84-6.) Clary has not specifically objected to any of the costs sought. Electronic research fees are recoverable if they are per search listed in specific detail, as they are here. *See Smith*, 592 F. App'x at 369. Consequently, the Court concludes they are recoverable in this case.

Having closely reviewed the costs request and supporting documentation, the Court finds that they are reasonable and should be recovered. Consequently, the Court **GRANTS** Brock's motion for non-taxable costs in the amount of $3,445.48.

## IV. CONCLUSION

Accordingly, the Court **GRANTS IN PART** Brock's motion for attorney fees and non-taxable costs and awards Brock a total of $152,546.73, which consists of $149,101.25 in attorney fees and $3,445.48 in non-taxable costs.

**SO ORDERED.**

Dated: September 5, 2025

**s/ Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 5, 2025.

**s/ S. Osorio**
Sandra Osorio
Case Manager