## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRADLEY BROCK,

      Plaintiff,

v.

MONTREAL CLARY,

      Defendant.

_____/

Case No: 22-10500

Honorable Jonathan J.C. Grey

## OPINION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR WAIVER OF BOND OR, ALTERNATIVELY, AN EXTENSION OF THE TEMPORARY STAY (ECF No. 89)

This matter is before the Court on Defendant Montreal Clary's motion for stay of proceeding without posting of bond pending resolution of appeal. (ECF No. 89.) No response was filed. The Court finds the motion is adequately briefed and therefore considers it without oral argument. E.D. Mich. LR 7.1(f). For the following reasons, Clary's motion for stay of proceeding without posting of bond pending resolution of appeal (ECF No. 89) is **DENIED IN PART** and **GRANTED IN PART**.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 62 governs stays of proceedings to enforce a judgment. Rule 62(a) provides for an automatic stay on the execution of a judgment "for 30 days after its entry, unless the court orders otherwise." Fed. R. Civ. P. 62(a). After 30 days, a party can obtain a stay of execution on a money judgment in two ways. First, under Fed. R. Civ. P. 62(d) "a party who files a satisfactory supersedeas bond [will receive] a stay of a money judgment as a matter of right." *Arban v. W. Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). The amount of the bond is generally the entire judgment. *See Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998) *rev'd in part on other grounds*, 165 F.3d 426 (6th Cir. 1999).

However, the Court may also grant a stay without bond "in accordance with its discretion." *Arban*, 345 F.3d at 409 (quoting *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980)). "Although a court may forego the requirement of a bond in certain circumstances, there is a presumption in favor of requiring a bond," and the party requesting reprieve from the requirement "bears the burden of showing why a bond should not be required." *Newburgh/Six Mile Ltd.*

*P'ship II v. Adlabs Films USA, Inc.*, No. 09-CV-11067, 2010 WL 3167393 at *1 (E.D. Mich. Aug. 9, 2010) (citation omitted). One way to justify forgoing the bond requirement is for the defendant to demonstrate that his ability to pay the judgment is "so obvious that posting a bond would simply be a waste of money[.]" *Hamlin*, 181 F.R.D. at 353. Ultimately, the defendant must show that "plaintiff will be properly secured against the risk that the defendant will be less able to satisfy the judgment subsequent to disposition of the post-trial motions." *Slip N' Slide Recs., Inc. v. TVT Recs., LLC*, No. 05–21113, 2007 WL 1098751, at *2 (S.D. Fla. Apr. 8, 2007) (citing *Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 214 (D.S.C.1984)).

## II.  ANALYSIS

Here, Clary has not demonstrated that his ability to pay the judgment is obvious nor that Brock has protection absent the posting of a bond. The cases cited by Clary in support of his motion are easily distinguishable from the present case. In the cases cited, defendants at issue included a public institution, not just individually named employee defendants, and it was undisputed that the defendants had sufficient funds to pay the judgment. *Cont. Design Grp., Inc. v. Wayne State Univ.*,

No. 10-14702, 2014 WL 2892513 (E.D. Mich. June 25, 2014) (waiving the bond requirement because the judgment was against individual defendants who would be indemnified by a well-funded public university); *Cont. Design Grp., Inc. v. Wayne State Univ.*, No. 10-CV-14702, 2014 WL 5360055 (E.D. Mich. Oct. 20, 2014) (same).

Here, Clary is an individual officer. It is unclear to the Court if the City of Inkster (the "City") or any other entity will be indemnifying Clary. Further, Clary has provided no evidence that either he or the City is able to satisfy the judgment. Furthermore, Clary has provided no specific evidence or argument as to how other creditors will be harmed by the bond requirement. Due to the length of time taken for post-judgment motions and appeal, a bond is necessary to protect Brock's interest in recovery.

Ultimately, the Court concludes that Clary has failed to meet his burden of showing that his "ability to do so is so plain that requiring a bond would simply be a waste of money." *Hamlin*, 181 F.R.D. at 353. Because this motion is being decided against Clary, the execution of the judgment in this matter shall be **STAYED** for 75 days from the entry of this Order such that Clary can secure a full supersedeas bond.

4

## III.   CONCLUSION

**IT IS ORDERED** for the reasons mentioned above, that Clary's motion (ECF No. 84) is **DENIED**.

Clary may obtain a stay as of right under Fed. R. Civ. P. 62(b) if he posts an appropriate bond. The amount of the bond generally equals the total amount of the judgment. **IT IS FURTHER ORDERED** that the Court approves a supersedeas bond in the amount of the full judgment to be issued (i.e., the jury award plus the attorney fees and costs to be awarded).

**IT IS FURTHER ORDERED** that Clary's motion for an extension of the temporary stay is **GRANTED**. **IT IS ORDERED** that the execution of the judgment in this case **SHALL BE STAYED** for a total of 75 days from the entry of the final judgment.

**SO ORDERED.**

<u>**s/ Jonathan J.C. Grey**</u>
Jonathan J.C. Grey
Dated: September 5, 2025          United States District Judge

## <u>Certificate of Service</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 5, 2025.

<u>**s/ S. Osorio**</u>
Sandra Osorio
Case Manager